IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY JAMES | § | |
| Plaintiff, | § § § | |
| VS. | § | NO. 3-09-CV-1437-D |
| WANDA PARISH | § § § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Wanda Parish has filed a motion for summary judgment in this *pro se* race discrimination and retaliation case brought under 42 U.S.C. § 1981. For the reasons stated herein, the motion should be granted.

I.

On December 4, 2008, Plaintiff Terry James, an African-American, injured his neck and back in a motor vehicle accident that occurred while en route to picking-up his son from school. (*See* Plf. Compl. at 1, ¶¶ 1-2; Plf. Am. Compl. at 1, ¶¶ 2-3; Mag. J. Interrog. #2 & Attch.). Plaintiff, who was employed by Fiesta Food Mart ("Fiesta") at the time of the accident, missed five weeks of work due to his injuries. (*See* Plf. Compl. at 1, ¶¶ 3-4; Plf. Am. Compl. at 1, ¶¶ 3-4). On February 22, 2009, plaintiff was terminated by Fiesta for allegedly stealing a grocery item. (*See* Def. MSJ App. at 001, ¶ 3). Following his dismissal, plaintiff filed a formal charge of discrimination with the EEOC and a lawsuit in federal district court, alleging that he was fired for complaining about a racially hostile work environment and disparate pay. (*See* Plf. Am. Compl. at 1, ¶ 5; Mag. J. Interrog. #2(c)).[1]

---

[1] The federal lawsuit was subsequently dismissed on summary judgment. *See James v. Fiesta Food Mart, Inc.*, No. 3-09-CV-0711-P (N.D. Tex. Jan. 14, 2010), *appeal filed*, Jan. 25, 2010 (No. 10-10107).

Plaintiff also submitted a PIP claim to his insurance company in an attempt to collect lost wages for the time he missed from work after his automobile accident. (*See* Mag. J. Interrog. #2 & Attch). When plaintiff asked Fiesta to provide written verification of his lost wages, he was told by Wanda Parish, the Director of Human Resources, that the verification would be sent only to his attorney or to his insurance company "after a 'formal request' from either." (*See* Plf. Am. Compl. at 1, ¶ 9; Mag. J. Interrog. #1(b)). Plaintiff informed Parish that he represented himself and needed the lost wage statement sent directly to him. (*See* Plf. Compl. at 2, ¶ 11; Mag. J. Interrog. #1(b)). Hearing nothing further from Parish, plaintiff filed the instant lawsuit. (*See* Plf. Compl. at 2, ¶ 11; Plf. Am. Compl. at 1, ¶ 10; Mag. J. Interrog. #1(b)).

In his most recent complaint, plaintiff generally alleges that Parish violated his constitutional rights under 42 U.S.C. § 1981. (*See* Plf. Am. Compl. at 1, ¶ 10). As best the court can decipher this claim, it appears plaintiff believes that Parish refused to send him a written verification of lost wages in retaliation for complaining about race discrimination in the workplace, thereby interfering with plaintiff's right to collect PIP benefits under his insurance policy. The case is before the court on Parish's motion for summary judgment. The motion has been fully briefed by the parties and is ripe for determination.

## II.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A party seeking summary judgment who does not have the burden of proof at trial bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). This may be done by

"pointing out 'the absence of evidence supporting the nonmoving party's case.'" *Id., quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir.), *cert. denied*, 113 S.Ct. 98 (1992). Once the movant meets this burden, the nonmovant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

A.

Section 1981 provides, in pertinent part:

> All persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens[.]

42 U.S.C. § 1981(a). The term "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b). In order to state a claim for retaliation under this statute, plaintiff must allege: (1) that he engaged in activities protected by section 1981; (2) that he suffered an adverse employment action; and (3) that there was a causal connection between the protected activities and the adverse employment action. *See Miller v. Wachovia Bank, N.A.*, 541 F.Supp.2d 858, 865 (N.D. Tex. 2008) (Fitzwater, C.J.), *citing Foley v. University of Houston System*, 355 F.3d 333, 339 (5th Cir. 2003). An "adverse employment action" is one that "a reasonable employee would have found [to be] materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68, 126 S.Ct.

2405, 2415, 165 L.Ed.2d 345 (2006) (citations and internal quotations omitted). Although the "adverse employment action" need not be directly related to plaintiff's employment, it must result in more than trivial harm. *Id.*, 126 S.Ct. at 2412, 2415.

B.

The court initially observes that the Fifth Circuit has expressed doubt as to whether a section 1981 claim lies against "an individual defendant not a party to the contract giving rise to the claim." *Felton v. Polles*, 315 F.3d 470, 480 (5th Cir. 2002), *abrog. on other grounds by White*, 126 S.Ct. at 2405; *see also Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 739 (1998); *Miller*, 541 F.Supp.2d at 861-62. It is clear that Parish was not a party to the insurance policy under which plaintiff sought PIP benefits. For that reason alone, she is entitled to summary judgment on plaintiff's section 1981 claim.

Even if the Fifth Circuit recognizes third-party liability under section 1981, plaintiff still must prove that Parish discriminated against him on the basis of race or in retaliation for complaining about a racially hostile work environment. *See Raggs v. Mississippi Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002) (claims of race discrimination and retaliation brought under section 1981 are governed by same burden-shifting paradigm applicable to Title VII cases). Here, there is absolutely no evidence that Parish refused to send plaintiff a written verification of lost wages because he is African-American or because he complained about race discrimination in the workplace. In her declaration, Parish denies any discriminatory or retaliatory intent behind the letter asking plaintiff for "a formal request from your insurance company or legal representative" before providing a lost wage statement. (*See* Def. MSJ App. at 004). Plaintiff offers no evidence to the contrary. Other than his subjective belief that Parish had some "ulterior motive" for sending the letter, (*see id.* at 011), plaintiff cannot point to anything that hints of discrimination or retaliation.

*See Grimes v. Texas Dept. of MHMR*, 102 F.3d 137, 139 (5th Cir. 1996) (conclusory allegations, unsubstantiated assertions, and subjective beliefs are insufficient to support a discrimination claim and defeat summary dismissal).

## **RECOMMENDATION**

Defendant's motion for summary judgment [Doc. #38] should be granted. This case should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 26, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE