IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRY JAMES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1437-D |
| | § | |
| WANDA PARISH | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM ORDER**

Defendant Wanda Parish, by and through her attorney, has filed a motion for Rule 11 sanctions due to plaintiff's serial abuse of the state and federal court system by filing multiple frivolous lawsuits against her and other employees of Fiesta Mart, Inc. ("Fiesta"). Defendant points out that plaintiff twice has been declared a "vexatious litigant" by Texas state courts, which effectively prohibits him from filing any civil actions without posting a bond as security against court costs. By this motion, defendant asks this court to impose a similar sanction requiring plaintiff to obtain leave of court before filing any additional lawsuits against Fiesta or its agents and representatives.

Under Rule 11, the signature of an attorney or unrepresented party on a pleading, motion, or other paper filed with the court constitutes a certification that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the costs of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b); *see also Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1024 (5th Cir. 1994). A violation of this rule may subject the offending party to sanctions. *See* FED. R. CIV. P. 11(c)(1). Before a Rule 11 motion is presented to the court, the party against whom sanctions are sought must be given an opportunity to withdraw or appropriately correct the challenged paper, claim, defense, contention, or denial. *See* FED. R. CIV. P. 11(c)(2). "The whole point of Rule 11's 'safe harbor' is to allow an attorney [or unrepresented party] who is mistaken about the merits of his claim to withdraw it." *See Vanderhoff v. Pacheco*, 344 Fed.Appx. 22, 28, 2009 WL 2776607 *4 (5th Cir. Sept. 2, 2009). This requirement is strictly construed and substantial compliance is insufficient. *See Florance v. Bush*, No. 3-09-CV-1470-B, 2010 WL 2710665 at *2 (N.D. Tex. Jun. 24, 2010), *rec. adopted*, 2010 WL 2710596 (N.D. Tex. Jul. 8, 2010).

Prior to filing the instant motion, counsel for defendant sent plaintiff a copy of the motion and supporting materials, along with a cover letter stating:

> Please note this motion has not yet been filed with the Court. If you do not agree in writing to cease and desist from initiating all federal court proceedings against Defendant Wanda Parish, Fiesta Mart, Inc., and its officials, agents, employees and representatives, all of which violate FED. R. CIV. P. 11(b)(1)-(4), within twenty-one (21) days of service of this motion, we will proceed with filing the Rule 11 Motion attached with the Court, and you may respond at that time in accordance with federal and local rules of civil procedure.

(*See* Plf. Resp., Attch.). Nowhere in this letter was plaintiff given an opportunity to *withdraw* or *correct* a specified pleading filed with the court. Rather, plaintiff was told that a Rule 11 motion

would be filed unless he agreed in writing not to *initiate future legal proceedings* against Fiesta Mart and its employees and representatives, including defendant. A demand to cease and desist from filing lawsuits in the future does not strictly comply with the requirements of Rule 11(c)(2). As a result, the court declines to impose Rule 11 sanctions.[1]

Although the court will not sanction plaintiff under Rule 11, his history of filing frivolous lawsuits merits the imposition of sanctions under the court's inherent power "to protect the efficient and orderly administration of justice[.]" *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *1 (N.D. Tex. May 5, 2003), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions may include monetary sanctions and restrictions on the ability to file future lawsuits without leave of court. *See generally, McCampbell v. KPMG Peat Marwick*, 982 F.Supp. 445, 448-49 (N.D. Tex. 1997) (discussing sanctions available to deter and punish *pro se* litigants for abusing the judicial system).

In addition to filing multiple frivolous lawsuits against Fiesta Mart and its employees, (*see* Def. Mot. at 2-5), plaintiff has abused the judicial system on numerous other occasions. While the court lacks the time and resources to extensively review each case, a random sampling of the more than 10 civil actions initiated by plaintiff in this district since 1996 reveals that the vast majority of these cases were dismissed either on initial screening or on summary judgment. Plaintiff's abusive

---

[1] The failure of defendant to strictly comply with the "safe harbor" provision of Rule 11(c)(2) is particularly important in this case because plaintiff is proceeding *pro se*.

litigation history has resulted in two sanctions warnings -- one by the Fifth Circuit Court of Appeals, *see James v. Cox*, No. 04-10483 (5th Cir. Nov. 11, 2004), and one by another judge in this district, *see James v. Jones*, No. 3-07-CV-0979-G, 2007 WL 4661142 at *3 (N.D. Tex. Dec. 10, 2007), *rec. adopted*, 2008 WL 90005 (N.D. Tex. Jan. 3, 2008). Undeterred by these warnings, plaintiff continues to harass Fiesta Mart and its employees by asserting frivolous claims against them. The court therefore determines that plaintiff should be sanctioned $100.00 and barred from filing any further lawsuits in federal court without first obtaining permission from a district judge or magistrate judge.

## CONCLUSION

Defendant's motion for Rule 11 sanctions [Doc. #41] is denied. However, plaintiff's history of filing frivolous lawsuits and appeals merits the imposition of sanctions under the court's inherent power. Accordingly, plaintiff is hereby sanctioned $100.00, which shall be paid to the clerk of the Northern District of Texas within 30 days from the date of this order. In addition, plaintiff is barred from filing any further lawsuits in federal court without first obtaining permission from a district judge or magistrate judge.

SO ORDERED.

DATED: July 26, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE